United States District Court
Southern District of Texas
**ENTERED**
October 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. H-05-359-03 |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-1976 |
| CHARLES JARVIS FOSTER | § | |

## MEMORANDUM OPINION AND ORDER

Defendant, Charles Jarvis Foster, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 255)[1] Pending before the court is the United States' Response to Movant's § 2255 Motion and Motion for Summary Judgment ("Motion for Summary Judgment") (Docket Entry No. 266).

On April 5, 2006, Foster and four codefendants were charged in a four-count superseding indictment with:  Count One -- aiding and abetting bank robbery of the Bank of America by the use of a deadly weapon in violation of 18 U.S.C. §§ 2 and 2113(a) and (d); Count Two -- aiding and abetting and knowingly carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A); Count Three -- aiding and abetting bank robbery of the Amegy Bank by the use of a deadly weapon in violation of 18 U.S.C. §§ 2 and 2113(a) and (d); and Count Four -- aiding and abetting and knowingly carrying a firearm during a crime of

---

[1]Docket Entry citations are to relevant docket entries in Crim. No. 4:05-359.

violence in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A).
(Superseding Indictment, Docket Entry No. 64)

On May 19, 2006, Foster entered a plea of guilty to all counts
in the indictment pursuant to a written plea agreement. (Notice of
Electronic Filing, Docket Entry No. 91) On October 27, 2006, the
court sentenced Foster to serve 180 months in prison. This term
consists of sixty (60) months as to each of Counts 1S and 3S, to
run concurrently, followed by a consecutive term of sixty (60)
months as to Count 2S, followed by a consecutive term of sixty (60)
months as to Count 4S. (Judgment in a Criminal Case, Docket Entry
No. 172, p. 3) The court also imposed a five-year term of
supervised release. (Judgment in a Criminal Case, Docket Entry
No. 172, p. 4) Foster filed a timely notice of appeal. (Docket
Entry No. 174) On January 3, 2008, the court of appeals dismissed
the appeal as frivolous. (Judgment, Docket Entry No. 233)

Foster argues that his § 924(c) convictions are
unconstitutional after <u>Johnson v. United States</u>, 135 S. Ct. 2551
(2015). (Memorandum in Support of 28 USC 2255(f)(3), Docket Entry
No. 256) In <u>Johnson</u> the Supreme Court held that the residual
clause definition of "violent felony" in the Armed Career Criminal
Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally
vague.[2] 135 S. Ct. at 2563. In <u>Welch v. United States</u>, 136 S. Ct.

---

[2]The ACCA imposes a mandatory minimum sentence of fifteen
years in prison on defendants (1) who are convicted of unlawfully
**(continued...)**

1257, 1268 (2016), the Court held that <u>Johnson</u> applies retroactively to cases on collateral review. Because Foster was not convicted for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g), the ACCA is not at issue in this case. Foster argues that his § 924(c) convictions are no longer valid because under <u>Johnson</u> the residual clause definition of "crime of violence" in § 924(c)(3)(B) is unconstitutional.

Section 924(c) proscribes the use or carrying or brandishing of a firearm during or in relation to a drug trafficking crime or a crime of violence, or the possession of a firearm in furtherance of a drug trafficking crime or a crime of violence. 18 U.S.C. § 924(c)(1)(A). The definition of "crime of violence" in § 924(c)(3) includes a residual clause that is different from the residual clause definition of violent felony held unconstitutional in <u>Johnson</u>. <u>Compare</u> 18 U.S.C. § 924(c)(3)(B) <u>with</u> 18 U.S.C. § 924(e)(2)(B)(ii). In <u>United States v. Gonzalez-Longoria</u>, ___ F.3d ___, 2016 WL 4169217 (Aug. 5, 2016) (en banc), the Fifth Circuit held that 18 U.S.C. § 16(b), which contains the same definition of "crime of violence" as § 924(c)(3)(B), is not unconstitutionally vague. Foster's argument therefore has no merit.

_____

**²(...continued)**
possessing a firearm, in violation of 18 U.S.C. § 922(g)(1), and (2) who have at least three prior convictions for a violent felony, a serious drug offense, or both. 18 U.S.C. § 924(e)(1).

In his § 2255 Motion Foster also claims that "My current conviction for bank robbery falls under the force clause of 4B1.2(a)(1) and 18 USC 16(a)(b) that is unconstitutional under the 5th Amendment per <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015)." (§ 2255 Motion, Docket Entry No. 55, p. 4)  This argument has no merit because Foster's sentence was not based on 18 U.S.C. § 16 or the Career Offender provisions of USSG § 4B1.1.  The validity of the statutes under which Foster was sentenced was not affected by <u>Johnson</u>.

Moreover, although not raised in the United States' Motion for Summary Judgment, Foster's § 2255 Motion is time-barred by the one-year statute of limitations, which ordinarily begins running on the date the judgment became final, in this case in 2008.  28 U.S.C. § 2255(f)(1).  The limitation period was not extended by 28 U.S.C. § 2255(f)(3) because the validity of the statutes under which Foster was convicted was not affected by <u>Johnson</u>.

The United States' Motion for Summary Judgment (Docket Entry No. 266) is **GRANTED**, and Foster's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 255) is **DENIED**.

**SIGNED** at Houston, Texas, on this 17th day of October, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-4-